## HOUCK et al. v. SEABOARD FUEL CORPORATION.

(District Court, E. D. Pennsylvania. February 23, 1922.)

No. 8578.

1. **Appeal and error ⬨⇒883—Party estopped by consent to submission of issue to jury.**

A defendant, whose counsel withdrew objection to evidence tending to show that by its conduct it had waived its right to recover damages pleaded as a counterclaim, and expressed his willingness that the question be submitted to the jury, *held* estopped to complain of such submission.

2. **Pleading ⬨⇒427—Failure to plead waiver immaterial, where evidence is admitted without objection.**

Where evidence tending to show that defendant by its conduct had waived the right to claim damages pleaded as a counterclaim, such evidence may properly be considered in determining whether defendant has established its counterclaim, and the fact that waiver was not pleaded as a defense is immaterial.

At Law. Action by one Houck and others against the Seaboard Fuel Corporation. On motion by defendant for new trial on counterclaim. Denied.

John G. Kaufman, of Philadelphia, Pa., for plaintiffs.
Conlen, Brinton & Acker, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. At the close of the plaintiff's testimony, his counsel suffered a voluntary nonsuit. Counsel for the defendant then proceeded with proof of its counterclaim, relying largely upon the testimony already adduced in the case and relevant to that claim. The plaintiff moved for a nonsuit, upon the ground that the testimony did not show the proper measure of damages. What then occurred appears on the record as follows:

"The Court: I think the defendant is entitled to have the case go to the jury on that point. I will overrule the motion for a nonsuit on that ground. The question, to my mind, is whether the defendant did not by his conduct waive any right to claim damages in this case.

"Mr. Conlen: I think your honor is right on that, and I think that is a question which should be passed on by the jury. I am perfectly willing to have the jury pass on that question.

"The Court: I think that is a question for the jury.

"Mr. Conlen: I am perfectly willing to let that question be passed on by the jury. I think your honor is quite right as to that. I might add that the question of waiver depends, too, on the question of pleading. There is no waiver pleaded in this reply."

Moreover, during the early part of the trial, objection was made to the plaintiff's offer in evidence of a letter concerning the defendant's orders upon the plaintiff for coal to be shipped. The record shows that at that stage of the case the defendant's counsel withdrew objection to that letter; the conversation being as follows:

"Mr. Kaufman: No; they alleged that we were shipping under; that we undershipped. They are going to ask damages on that ground. So that we are showing that our performance was as requested.

⬨⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Mr. Conlen: If that is the purpose for which the letter is offered, I have no objection.

"The Court: The correspondence will be admitted.

"Mr. Conlen: I take it, it might be a waiver, if the court please."

The jury having returned a verdict for the plaintiff upon the defendant's counterclaim, the defendant now moves for a new trial, upon the ground that the trial judge submitted the question of waiver to the jury; that waiver was not pleaded in the plaintiff's reply to the counterclaim, and, if there was evidence of waiver, waiver was a question of law for the court, and not of fact for the jury.

[1, 2] In view of the circumstances at the trial from which it appears that objection to evidence showing waiver was specifically withdrawn upon that ground, and that defendant's counsel at the close of the case expressly stated his willingness that the question should be passed on by the jury, it is too late for him to shift his ground at this time. Under the circumstances of this case, waiver was a question of fact. Pence v. Langdon, 99 U. S. 578, 25 L. Ed. 420. And the defendant cannot complain if the jury found against it upon an issue to which its counsel expressly agreed. Where not pleaded, evidence offered for the purpose of showing waiver is not admissible. But after such testimony is admitted, as here, without objection, and all relevant testimony relating to defendant's counterclaim is relied upon in support thereof, waiver becomes material, not as a defense, but in determining whether the defendant has made out its case upon the counterclaim. Even if the defendant had not expressly agreed to what it is now seeking to avoid, the fact that the waiver was not pleaded is immaterial.

Motion denied.